IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs                                                 CASE NO: 5:97cr11/LAC

ADAM W. ROSS,

    Defendant.

_____/

**ORDER DENYING MOTION TO COMPEL**

      Defendant seeks to have this Court order the U. S. Attorney to file a Rule 35 motion attesting to what he believes to be his substantial assistance as, he alleges, is required by his plea agreement. The Court disagrees and the motion is DENIED.

      The law is well settled that the government has the discretion and the power, but not a duty, to file a motion when a defendant has substantially assisted. United States v. Wade, 504 U.S. 181, 185 (1992). Plea agreements that only require the government to consider whether the defendant's aid to the prosecution constitutes substantial assistance do not create a contractual duty to file a motion. United States v. Forney, 9 F.3d 1492, 1499-50 (11th Cir. 1993). In the absence of a plea agreement which expressly requires the government to file such a motion, a defendant shall be heard to complain as to the government's failure to file the motion only upon a showing of the government's unconstitutional or discriminatory motivation. Id. at 1501-03. Defendant has failed to make such a showing. Citing Wade, the Eleventh Circuit in Forney held that allegations of governmental bad faith or arbitrary

motive in failing to file a substantial assistance motion are not reviewable. Id. at 1501-02, n.5. Generalized allegations of improper motive, nor allegations that are simply based on the assertion that the movant indeed supplied substantial assistance, do not suffice to make the defendant's claim reviewable. Wade, 504 U.S. at 186; see also Forney, supra. Therefore, the defendant has failed to raise a claim that is reviewable by this Court.

Further, during his plea colloquy defendant acknowledged that he understood that there was no guarantee that a Rule 35 would be filed and he knew that it was "up to the Government, only the Government, no one else to determine that [his] cooperation was substantial" warranting the filing of a Rule 35. He cannot now be heard to complain.

**ORDERED** this 7th day of October 2005.

                                                *s/L.A. Collier*
                                                LACEY A. COLLIER
                                    Senior United States District Judge